**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROSEMARY WOOLFE,**

    **Plaintiff,**

v.                                      Case No. 8:13-cv-1894-T-30TGW

**TIMELESS MD SPA, LLC, RM MEDSPA**
**SOLUTIONS, LLC, and RANDY**
**MATSCHERZ**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Final Default Judgment against Defendants RM Medspa Solutions, LLC and Randy Matscherz (Dkt. 32). Upon consideration of the motion, and being otherwise advised in the premises, the Court denies the motion without prejudice.

Plaintiff's amended complaint seeks unpaid minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act and Florida law against Defendants. Defendants RM Medspa Solutions, LLC and Randy Matscherz failed to file any paper in response to the amended complaint and Plaintiff obtained Clerk's Defaults against them. Defendant Timeless MD Spa, LLC filed an answer and affirmative defenses and is otherwise defending this action. Timeless' answer denies that Plaintiff is entitled to any minium wages. Timeless also alleges affirmative defenses including, but not limited to, the affirmative

defense that Plaintiff was an exempt employee. Notably, the claims against Timeless are identical to the claims against RM Medspa and Matscherz.

Plaintiff's motion for final default judgment seeks a judgment in the amount of $2,174.40 for minimum wages and liquidated damages against Defendants RM Medspa Solutions, LLC and Randy Matscherz.

"[W]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until after trial on the merits against the remaining defendants." *N. Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.,* 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2012) (citing *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000)). *See also Armstrong v. Martin Marietta Corp.*, 93 F.3d 1505, 1509 (11th Cir. 1996) ("[a]lthough rule 54(b) permits the court, upon a party's motion for entry of final judgment, to direct final judgment as to one or more but fewer than all the parties in a class action where 'no just reason for delay exists,' the court is not required to enter final judgment in an action involving multiple parties.").

The Court concludes that entering a default final judgment at this stage raises the risk of inconsistent verdicts because Timeless is defending this action and may succeed on the merits.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Entry of Final Default Judgment against Defendants RM Medspa Solutions, LLC and Randy

Matscherz (Dkt. 32) is denied without prejudice to be reasserted, to the extent appropriate, when this case becomes ripe for final resolution.

     **DONE** and **ORDERED** in Tampa, Florida on December 11, 2013.

                                          JAMES S. MOODY, JR.
                                          UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-1894.denydefaultFJaspremature.frm